[Cite as *3620 Superior Ave., L.L.C. v. Cleveland Bd. of Zoning Appeals*, 2012-Ohio-365.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   97040

## 3620 SUPERIOR AVENUE, LLC

PLAINTIFF-APPELLANT

vs.

## CITY OF CLEVELAND
## BOARD OF ZONING APPEALS

DEFENDANT-APPELLEE

### JUDGMENT:
### AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CV-744510

**BEFORE:**   Keough, J., S. Gallagher, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   February 2, 2012

**ATTORNEYS FOR APPELLANT**

Avery S. Friedman
Patrick R. Kramer
Friedman & Associates
701 The City Club Building
850 Euclid Avenue
Cleveland, OH 44114-3358


**ATTORNEYS FOR APPELLEE**

Barbara Langhenry
Interim Director of Law

BY:    Carolyn M. Downey
Assistant Law Director
601 Lakeside Avenue, Room 106
Cleveland, OH 44114


KATHLEEN ANN KEOUGH, J.:

**{¶ 1}**  Plaintiff-appellant, 3620 Superior Avenue, LLC, appeals the trial court's judgment affirming the decision of defendant-appellee, City of Cleveland Board of Zoning Appeals (the "Board"), to deny a variance modification requested by appellant. For the reason that follow, we affirm.

**{¶ 2}**  Appellant is the owner of property located at 3620 Superior Avenue in Cleveland, which was originally operated as a carry-out restaurant.  In July 2007, appellant applied for and was granted a variance to change its business operations to a restaurant – bar establishment.  In August 2010, appellant again applied for a variance

modification to change the business operations use from a restaurant – bar to a nightclub, which would extend the hours of operation to 2:30 a.m.

{¶ 3} On September 16, 2010, the Building and Housing Department issued a Notice of Non-Conformance to appellant, which denied their request to extend the hours of operations to 2:30 a.m. A second Notice of Non-Conformance was issued in November, which denied the variance request because the nightclub would have been within 500 feet of a church or a residential district, the required amount of off-street parking was unavailable, and any expansion or substitution of a non-conforming use requires the Board's approval.

{¶ 4} Following the first Notice of Non-Conformance, appellant filed an appeal with the Board seeking a use variance. In November 2010, the Board conducted a public hearing on appellant's appeal where it heard and considered testimony both for and against approval of the change of use variance. Following the hearing, the Board unanimously denied appellant's application.

{¶ 5} Appellant then requested that the Board conduct a new hearing based on evidence it had obtained indicating that the Board had relied on racially-motivated testimony and evidence from only one witness and thus, its decision denying appellant's application was discriminatory. The Board denied appellant's request, finding that no new evidence was presented. Moreover, when the Board reviewed appellant's request for reconsideration, the Board unanimously agreed that its decision would have been the

same even if the alleged biased and discriminatory testimony was excluded from consideration.

{¶ 6} Appellant filed an administrative appeal in the Court of Common Pleas pursuant to R.C. 2506.01, challenging the Board's denial of its appeal and request for a new hearing. The matter was briefed by both parties and the common pleas court issued a written decision affirming the Board's decisions denying appellant's appeal and request for a new hearing.

{¶ 7} It is from this decision that appellant appeals, raising the following two assignments of error for review:

> [I.] Where the record exists which contains irrefuted [sic] evidence of intentional racial discrimination against the appellant before a board of zoning appeals, the trial court abuses its discretion in either not reversing the denial of a modification of a variance or, at the very least, remanding the matter for a new hearing requiring the board to consider such evidence.

> [II.] Where the record exists which contains irrefuted [sic]evidence of intentional racial discrimination against the appellant before a board of zoning appeals, a board of zoning appeals improperly denied a hearing which would have permitted consideration of such evidence.

{¶ 8} Because the issues raised within each assigned error are interrelated, they will be addressed together.

{¶ 9} In *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 2000-Ohio-493, 735 N.E.2d 433, the Ohio Supreme Court distinguished the standard of review to be applied by common pleas courts and appellate courts in R.C. Chapter 2506 administrative appeals. The *Henley* court stated:

The common pleas court considers the "whole record," including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.

The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is "more limited in scope." "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." (Citations omitted.) *Id.* at 147.

{¶ 10} Thus, this court will review the judgment of the trial court only to determine if it abused its discretion in finding that the administrative order was supported by reliable, probative, and substantial evidence. *See Wolstein v. Pepper Pike City Council*, 156 Ohio App.3d 20, 2004-Ohio-361, 804 N.E.2d 75, ¶ 21-22. An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'"

*Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

{¶ 11} In this case, we find that the trial court did not abuse its discretion. The written decision by the trial court found that reliable, probative, and substantial evidence was presented supporting the Board's denial of appellant's application. The trial court specifically determined that the record demonstrated that the Board did not solely rely on one witness's testimony to reach its decision. As the trial court noted, multiple witnesses testified before the Board, including a local councilman, indicating that granting the change of use request would have an adverse impact on the community. Moreover, as the Notice of Non-Conformance indicated, the nightclub – dance hall would have been within 500 feet of a church or residential district, which is not allowable, and the amount of off-street parking available was insufficient to support such an establishment.

{¶ 12} We further note that the only entity making the denial of the use variance a racial issue is the appellant. While one witness may have had a personal bias against the appellant or ulterior motive in testifying against approval of the use variance, nothing in the record demonstrates that the witness's personal bias or motives impacted the Board's decision. The record does not contain any evidence that the Board members (who actually make the decision) acted in a discriminatory manner,"that its conclusions were formulated" in any way "on racially-motivated evidence" in denying the variance, or that its intent in denying the variance was an attempt to discriminate against the appellant.

**{¶ 13}** Moreover, appellant asks this court to review the evidence presented at the Board hearing and to substitute our judgment for the Board. Appellant makes no argument demonstrating the trial court's error; rather, it reiterates the testimony and evidence initially presented to the Board, which was the basis for the appeal below. Our review is limited in scope and does not include the same extensive power to weigh the evidence as is granted to the common pleas court. *Henley,* 90 Ohio St.3d 142, 147.

**{¶ 14}** Accordingly, the trial court did not abuse its discretion in affirming the Board's denial of appellant's appeal and request for a new hearing. We find appellant's assignments of error to be without merit; they are thus overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
KENNETH A. ROCCO, J., CONCUR